UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PETE WRIGHT,                      )
                                  )
            Plaintiff,            )
                                  )
     v.                           )   Case No. 4:22-CV-185 JAR
                                  )
OTIS HELM, et al.,                )
                                  )
            Defendants.           )

## MEMORANDUM AND ORDER

Self-represented plaintiff Pete Wright, a civilly committed resident at the Sexual Offender Rehabilitation and Treatment Center (SORTS), in Farmington, Missouri, brings this action pursuant to 28 U.S.C. § 1332.[1] The matter is now before the Court upon the motion of plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion. Furthermore, after reviewing the complaint, the Court will dismiss this matter. *See* 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

---

[1] Plaintiff asserts that prior to his incarceration, he was a resident of the State of California, and he asserts that defendants are residents of the State of Missouri.

(1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff, a civilly committed resident at the Sexual Offender Rehabilitation and Treatment Center (SORTS), in Farmington, Missouri, brings this action pursuant to 28 U.S.C. § 1332, under this Court's diversity jurisdiction. He names as defendants Darleen Martin and Otis Helm, property room officers at Southeast Missouri Mental Health Center (SMMHC) located in Farmington, Missouri. Defendants are named in their individual capacities.

Plaintiff claims that this Court has diversity jurisdiction over this matter because prior to his incarceration he was a resident of the State of California[2] and defendants are residents of the State of Missouri. He states that the amount in controversy is over $75,000. Plaintiff's allegations in this matter are as follows.

Plaintiff asserts that despite being involuntarily confined under Missouri Revised Statute § 630.120, he is permitted to retain and use personal clothing and possessions "as space may permit." 19 Mo. Code of State Regulations 30-88.010(36). He claims that despite this regulation, between July 2020 and January 12, 2022, defendants followed an institutional practice at SMMHC telling plaintiff that "treatment guidelines" placed numeric limitations on personal possessions instead of "as space may permit."

Plaintiff has attached documents relating to the property guidelines at SMMHC, as well as grievances and grievance responses, filed with defendants referring to his complaints.[3] On June 19, 2020, plaintiff wrote on a SORTS Team Request, "How is confiscating all my music CDs related to a legitimate security concern? Explain yourselves." Team representatives Jennifer Haney, MA, as well as Kelly Cronin, BSN, answered the Request, "Privilege level grid states that red level us allowed to have only 3."

On June 23, 2020, plaintiff wrote on a SORTS Team Request, "How did I get 24 more CDs if they were not approved? Is your last response false?" Team representatives Jennifer Haney, MA, as well as Kelly Cronin, BSN, answered the Request, "This has already been answered. Per red

---

[2] "It has long been held that, for purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual. With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration." *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) (citations omitted). The Court has no information as to plaintiff's residency prior to his incarceration in the 1980's in Missouri. For the purposes of this action, the Court must take his allegations relating to residency as true.

[3] A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes. *See* Fed.R.Civ.P.10(c).

level you are only supposed to have 3." On November 4, 2021, plaintiff wrote on a SORTS Team Request, "To Darla Martin: You failed to notify, via policy or any written or verbal instrument, I had to put alternative music CDs on the green sheet. It never was a problem before so if you do not deliver my non-explicit CDs I will sue you in federal Court for due process violations and First Amendment violations. The matter was referred to Darla Marten and Bill Anderson.

On November 8, 2021, plaintiff wrote on a SORTS Team Request, "Confirm you notified me you (SORTS) would be destroying my ordered music CDs the same day the destruction occurred and that decision to confiscate non-explicit CDs based on them not being on the 'green sheet' was made without any input from me, nor prior notice occurred. Could you just admit that?" Casey Gwinn, LCSW, answered, "Please list all CDs you will be receiving on green sheet. All items entering the facility in a package must be listed on a green sheet. Thank you."

On December 13, 2021, plaintiff wrote on a SORTS Team Request, "Why isn't Bright & Moore following the directions on the green sheet that suggest CD limit of 3 CDs for a red level is erroneous and that on Step 4 on the green sheet states CD limit is determined by "space availability" only due to a "space issue." Casey Gwinn, LCSW, answered, "You are entitled to order as a Red Privilege level. If you had limited space in your room, you would be instructed to order less or submit a plan to remove property."

On January 12, 22, plaintiff submitted a Request for Items from Property Form to SMMHC, seeking the following:

1. Vinyl CD Wallet w/ CDs inside
2. Plastic see through CD wallet w/ CDs
3. Legal materials confiscated 1-5-22
4. Hygiene items; hangers

- 4 -

The Request further stated:

> This is a notice to sue per § 198-088.1(6)(m). I am permitted possessions "as space permits." All that "not permitted due to level" guidelines does [sic] not supercede or override STATE LAW § 198.088.1(6)(m). All of you Darleen Martin and all property room staff will be sued this month if you do not return my property.

Defendant Marten answered on January 13, 2022, "Per the level system you cannot have it yet. When you reach the appropriate level, I will be more than happy to send it to you."

Plaintiff claims that he has the legal right to retain his property pursuant to the Missouri statutes and regulations. He claims that defendants have converted his property,[4] which includes (but is not limited to) the following: (1) 36 music CDs; (2) 200 plastic paper clips; (3) a hand-held game console; (4) two CD players; (5) 3 sets of headphones; (6) 26 inches of legal materials; (7) 2 N95 masks; (8) prescription reading glasses; (9) two 40 sleeve CD wallets; and (10) 7 movie DVDs.

Plaintiff alleges that the monetary value of this action is as follows:

1. Damages for Intentional Infliction of Emotional Distress in an amount of $20,000 per defendant for the last two years of the alleged deprivations of his property;

2. Damages of $9,000 for the actual cost of his confiscated materials, including his purported legal materials, per defendant;

3. Damages of $3,000 per defendant for the alleged deprivation of music and other entertainment;

4. Damages of $5,000 per defendant for "conversion and misappropriation of personal funds, legal materials and other personal possessions for a two-year time period;"

---

[4] Plaintiff also claims that defendants' actions amount to negligence per se.

5. $200 per day in monetary damages, from July 19, 2019, to present, for the "continued non-consensual possession of Wright's property and for each day § 198.088.1(6)(m) and 19 CSR 30-88.010(36) is violated;

6. $17,000 from each defendant for "mental anguish;"

7. Filing fees related to *Wright v. Missouri Department of Mental Health*, No. 4:21-CV-1436 SEP (E.D.Mo); *Wright v. Anderson*, No. 21SF-CC00087 (24th Judicial Circuit, St. Francois County Court); and the instant action.

8. Damages in an amount of $1,000 per defendant for "any confiscations amounting to conversion during the pendency of this action;"

9. Punitive damages in an amount of $50,000 per defendant.

**Plaintiff's Related Litigation**

Independent review of plaintiff's state court cases on Pacer and Missouri Case.net, the State of Missouri's online docketing system, show that plaintiff has asserted claims like those in the instant case several times.

On December 9, 2019, plaintiff filed an original complaint pursuant to 42 U.S.C. § 1983 against Bill Anderson, Unit Manager at SORTS in the United States District Court for the Eastern District of Missouri. *Wright v. Anderson*, No. 4:19-CV-3230 AGF (E.D.Mo. 2020). Several months later, plaintiff filed second amended complaint naming Bill Anderson and two additional defendants in his pleading: Dr. Kimberly Bye and Denise Hacker. Plaintiff's claims related to numerous separate events that allegedly occurred from "September 10, 2018, to July of 2020. Plaintiff alleged that he was "denied liberty and his property without notice" in violation of his due process rights when Anderson and Bye ordered MDMH staff to "confiscate plaintiff's legal materials while he was litigating several active cases," "limit personal property without a rational connection to a safety or security concern," and "physically restrained plaintiff under a procedure

called 'total ward restriction.[5]"Plaintiff further alleged that from July 2019 to March 3, 2020, Hacker "directed plaintiff's incoming and outgoing mail withheld without notice to him." Plaintiff stated that he filed letters and grievances with Anderson, Bye, and Hacker "requesting copies or citations of published procedures that authorized confiscation of property and physical restraint." Plaintiff claimed that Anderson "stated in several responses, he did not have to provide policy or procedure to plaintiff for any reason." Plaintiff asserted that "state statutes mandate procedures be written and provided to patients on site, at the facility." Plaintiff also asserted that "state statute allows plaintiff to communicate, associate and meet privately with persons of his choice and to send and receive his personal mail unopened."

The Honorable Audrey G. Fleissig reviewed plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915 on August 12, 2020, finding that plaintiff failed to identify the legal materials that were allegedly confiscated or how he suffered an actual injury to any of his "several active cases." Further, a review of his ongoing state and federal court litigation failed to show that he suffered such an injury. Regarding his claims that his personal property was limited by defendants, the Court found that plaintiff's claims were too conclusory to state a claim for relief. Noting that committed persons retain a liberty interest in essential care items, the Court noted that these items were not the objects plaintiff appeared to be arguing with staff about. Additionally, to the extent plaintiff was asserting a total deprivation of property, plaintiff could pursue a claim of replevin in state court. Last, to the extent plaintiff was asserting a violation of a state regulation,

---

[5]Although not relevant to the instant case, the Court found that plaintiff's complaints of "total ward restriction" failed to state a claim because his allegations were conclusory. He failed to allege how long the alleged restriction was imposed or provide any facts to indicate that the restriction occurred because of something other than a legitimate governmental objective. Similarly, his assertions regarding the holding of his mail were also conclusory. He failed to alle that his mail was actually withheld from him or that any of his outgoing mail was not sent.

his claim failed to assert a constitutional violation. The action was dismissed on August 12, 2020. *Id.* Plaintiff did not file an appeal of this action.

On December 6, 2021, plaintiff filed a second case in the United States District Court for the Eastern District of Missouri relative to the instant allegations. Plaintiff filed his action pursuant to 42 U.S.C. § 1983 against the Missouri Department of Mental Health. *Wright v. Missouri Department of Mental Health*, No. 4:21-CV-1436 SEP (E.D.Mo. 2021). In his complaint for injunctive and declaratory relief, plaintiff asserts that the Missouri Department of Mental Health is violating state law regarding the confiscation of personal possessions and legal documents of patients. The Court has not yet reviewed this matter pursuant to 28 U.S.C. § 1915.

On June 17, 2021, plaintiff filed a state court petition against Bill Anderson, Joe Eastern, Denise Hacker and Mary O'Dell-Leonard alleging conversion of his personal property and legal materials during the years of 2018-2021 while he has been civilly committed at SMMHC.[6] *Wright v. Anderson*, No. 21SF-CC00087 (24th Judicial Circuit, St. Francois County Court). Defendants filed a motion to dismiss plaintiff's complaint on September 22, 2021. The matter was heard by the Court on February 22, 2022. The Court has not yet issued a ruling on the matter.

### Discussion

Liberally construing the allegations of self-represented plaintiff's complaint, the Court finds that this case is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B. It appears that plaintiff is bringing the same claims in this case that are currently being litigated in state court. As such, the Court will decline to exercise jurisdiction over his claims pursuant to the *Colorado-River* abstention doctrine.

---

[6]Plaintiff also alleges negligence per se.

**I.     The *Colorado-River* Abstention Doctrine Dictates that the State Court is the Proper Venue for Plaintiff's Claims and this Court Should Abstain from Ruling on this Action**

Pursuant to the principles espoused in the *Colorado-River* abstention doctrine, this Court should abstain from review of the same litigation currently being reviewed in the state court.

The *Colorado River* abstention is a doctrine of judicial economy which derives from principles of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) (citations omitted). Its purpose is "to avoid duplicative litigation." *Colorado River,* 424 U.S. at 817. *Colorado River* abstention, therefore, is akin to a first-to-file rule for actions that are first filed in state court and then filed in federal court. *Colorado River,* 424 U.S. at 817–818. However, although the doctrine exists, the Supreme Court has cautioned federal courts that they should abstain only in the face of concurrent state proceedings in exceptional cases due to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River,* 424 U.S. at 817. Therefore, federal courts should abstain only in exceptional circumstances after considering several factors and not just whether the state court action was filed first. *Colorado River,* 424 U.S. at 817.

*Colorado River* abstention is premised on notions of "'conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952)). Case law has clarified that the *Colorado River* doctrine allows abstention when two requirements are met: 1) parallel state and federal actions, and 2) exceptional circumstances. *Fru–Con Constr. Corp. v. Controlled Air, Inc.,* 574 F.3d 527, 534 (8th Cir.2009) (plurality opinion) (citing *Colorado River,* 424 U.S. at 817–18); *see also Baskin v. Bath Twp. Bd. of Zoning Appeals,* 15 F.3d 569, 571 (6th Cir.1994) (indicating that the presence of parallel proceedings is a prerequisite for the application of *Colorado River* abstention).

As outlined above, on June 17, 2021, plaintiff filed a state court petition against Bill Anderson, Joe Eastern, Denise Hacker and Mary O'Dell-Leonard alleging conversion of his personal property and legal materials during the years of 2018-2021 while he has been civilly committed at SMMHC. *Wright v. Anderson*, No. 21SF-CC00087 (24th Judicial Circuit, St. Francois County Court).[7] Defendants filed a motion to dismiss plaintiff's complaint on September 22, 2021. The matter was heard by the Court on February 22, 2022. The Court took the matter under advisement after the hearing. It is undisputed that the state court matter is parallel to the instant proceedings.

Abstention under *Colorado River* involves the balancing of several factors. There are essentially six non-exhaustive factors to be considered in determining whether exceptional circumstances warrant abstention under the *Colorado River* doctrine:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority-not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Fru–Con Constr. Corp*, 574 F.3d at 534 (citing *Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir.2006)).

Having found that the state action is a parallel proceeding to the lawsuit filed here, the court turns now to an analysis of the factors identified in *Fru–Con Constr. Corp.*, 574 F.3d at 534-537

---

[7]Parallel does not mean identical, and the mere presence of additional parties or issues in one of the cases does not necessarily preclude a finding that they are parallel. *See AAR Int'l, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518 (7th Cir.2001); *see also, Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir.1998) (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir.1989)). Although plaintiff has named MOSOP supervisors in his state court action rather than the property room managers as he did in this action, the Court finds that the two actions are still parallel to one another. They contain the same claims for relief, and there is no doubt that the state proceeding will fully dispose of the claims presented in this Court. *See Fru–Con Constr. Corp.*, 574 F.3d at 535.

to determine if abstention is warranted and finds that it is. First, the only basis for this court's jurisdiction is diversity of citizenship, as plaintiff asserts that he was domiciled in the State of California prior to his incarceration in Missouri (sometime in the 1980's), and that defendants are residents of the State of Missouri. There is no question of a violation of a federal law in this matter. Rather, plaintiff asserts that the issues in this case are ones of "conversion" and "negligence per se," which are both state law matters and best decided by the Missouri state courts. He claims that the property room officers at the Southeast Missouri Mental Health Center located in Farmington, Missouri, have denied him unlimited use of his property at the facility in violation of a Missouri State Regulation allowing detainees to maintain property "as space permits." 19 Mo. Code of State Regulations 30-88.010 (36).[8]

Second, the state court action was filed prior to this action, on June 17, 2021. This action was filed in the United States District Court for the Eastern District of Missouri on February 14, 2022, almost a year and a half later. A hearing on in the state court action was held on February 22, 2022, and plaintiff appeared via webex. The claims in the state court action are substantially similar to those in this action and ruling on the state proceeding will fully dispose of the claims cited herein. *See Fru–Con Constr. Corp.,* 574 F.3d at 535.

Allowing plaintiff to litigate in both this forum as well as the state court action would result in piecemeal litigation with the result being the possibility of inconsistent verdicts. When a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-

---

[8] 19 Mo. Code of State Regulations 30-88.010 (36) states:

> Each resident shall be permitted to retain and use personal clothing and possessions as space permits. Personal possessions may include furniture and decorations in accordance with the facility's policies and shall not create a fire hazard. The facility shall maintain a record of any personal items accompanying the resident upon admission to the facility, or which are brought to the resident during his or her stay in the facility, which are to be returned to the resident or responsible party upon discharge, transfer, or death.

evident. But judicial economy is not the only value that is placed in jeopardy. The legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications. *See Romine v. Compuserve Corp.*, 160 F.3d 337, 340–341 (6th Cir.1998) (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 694 (7th Cir.1985). Here, there is no doubt that a failure to abstain will result in piecemeal litigation with the result potentially being inconsistent verdicts regarding whether when plaintiff has a right to his property at SMMHC.

With respect to forum, the Court does not believe that either state or federal court is more or less convenient to the parties. Although this Court can protect plaintiff's rights, the state court action has progressed further than the present action, as noted above. And the federal court has reviewed the constitutional counterparts to plaintiff's allegations in his prior action in this Court, and plaintiff was notified at that time that his legal rights lied in the state court action of replevin/conversion. *See Wright v. Anderson*, No. 4:19-CV-3230 AGF (E.D.Mo. 2020. It was after the holding in that case that plaintiff filed *Wright v. Anderson*, No. 21SF-CC00087 (24th Judicial Circuit, St. Francois County Court). Considering all of these factors together and the weight in favor of maintaining jurisdiction, *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 15–16 (1983), the Court finds that *Colorado River* abstention applies in this case.

The Missouri state court obtained jurisdiction before this Court, and the case has progressed farther than the present action. Moreover, there is a large risk of piecemeal litigation should this Court exercise jurisdiction over plaintiff's state law claims. Further, exercising jurisdiction appears to be unnecessary as the state court is capable of hearing plaintiff's state court arguments and protecting plaintiff's rights. *See, e.g. Price v. Cox*, No. 08–CV–14518, 2009 WL 1121868 (E.D.Mich.Apr. 23, 2009).

Pursuant to the aforementioned, the Court finds that the *Colorado River* abstention applies in this case. The Court will dismiss plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because this matter is subject to dismissal. *See* 28 U.S.C. § 1915(e).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of February, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE